# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ROY EUGENE LIVINGSTON, )
 )
    Petitioner, )
 )
v. ) Case No. CV411-169
 )
MILDRED RIVERA, Warden, )
 )
    Respondent. )

## **REPORT AND RECOMMENDATION**

Roy Eugene Livingston petitions this Court for 28 U.S.C. § 2254 relief from his January 17, 1996 state court conviction. Doc. 1 at 1. The Court grants him leave to file it *in forma pauperis*. Doc. 4. But under its duty to preliminarily review his petition under Rule 4 of the rules governing 28 U.S.C. § 2254 proceedings and 28 U.S.C. § 2243, the Court concludes that it must be denied as time-barred under 28 U.S.C. § 2244(d)(1).

The Antiterrorism and Effective Death Penalty Act (AEDPA) "imposes a one-year statute of limitations on all federal habeas corpus petitions." *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011).

Livingston, a pre-AEDPA convict, had until April 23, 1997 -- one year after AEDPA's effective date -- to file for habeas relief or otherwise toll the limitation period. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998) (AEDPA, effective on April 24, 1996, governs pre-AEDPA cases; those petitioners had until April 23, 1997 to file).

Livingston's filings show that he pled guilty in state court to aggravated assault and other charges, then took no appeal. Doc. 1 at 1-2. As noted above, he was convicted on January 17, 1996, but he did not seek habeas relief by April 23, 1997, the AEDPA cut-off date. *Wilcox*, 158 F.3d at 1210. Only after he later received a 320-month sentence on federal court charges -- the sentence there, he says, was enhanced based on his 1996 conviction -- did he challenge the state conviction in state habeas court on May 14, 2008. Doc. 1 at 3, 6; doc. 2 at 1-2. He lost (in 2009) and the Georgia Supreme Court denied review in 2010. Doc. 1 at 6.

Livingston's 2008 state habeas petition, filed years outside of the April 23, 1997 deadline, did not toll or otherwise restart the one-year

clock.[1] And unlike in *Stewart v. United States*, ___ F.3d ___, 2011 WL 2713290 (11th Cir. Jul.14, 2011), where the 28 U.S.C. § 2255 movant *succeeded* in vacating his prior state court conviction and thus justified a "second-bite" habeas filing, Livingston did not enjoy such success. Unsurprisingly, then, he advances no equitable tolling argument.

Accordingly, his petition should be **DISMISSED**. His "Motion for Extension of Time," wherein he seeks more time to brief the merits of his petition, is **DENIED** as moot. Doc. 2. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous

---

[1] "[T]he 1–year limitation period is tolled during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' § 2244(d)(2)." *Wall v. Kholi*, ___ U.S. ___, 131 S. Ct. 1278, 1283 (2011). Yet, if a properly filed application "is filed *following* the expiration of the federal limitations period[, then it] *cannot* toll that period because there is no period remaining to be tolled." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quotes and cite omitted; emphasis added); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the limitations period has expired cannot toll the statute of limitations because there is no time left to toll); *Clarkson v. Williams*, 2011 WL 2604792 at * 1 (S.D. Ga. Jun. 30, 2011).

issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 18th day of July, 2011.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA